ANNE M. BEVINGTON (SBN 111320)
MICHELE R. STAFFORD (SBN 172509)
EDWARD D. WINCHESTER (SBN 271500)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
Email: abevington@sjlawcorp.com
Email: mstafford@sjlawcorp.com
Email: ewinchester@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PENSION PLAN FOR PENSION TRUST FUND FOR OPERATING ENGINEERS; RICHARD PIOMBO and RUSSELL E. BURNS, as Trustees,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK PARR, an individual, dba TRI-VALLEY SWEEPING; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

**INTRODUCTION**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§ 1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

Under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), all trades or businesses under common control are to be treated as a single employer. Thus, members of the withdrawn

employer's controlled group are jointly and severally liable for the withdrawal liability. *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *LaFrenz*, 837 F.2d 892, 894 (9th Cir. 1988); *Bd. of Trs. of W. Conf. Pension Trust Fund* v. *H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987).

ERISA also contains a mandatory arbitration provision if an employer wishes to challenge the withdrawal liability determination. To make such a challenge, an employer must request review within ninety (90) days from receiving the notice of the withdrawal liability assessment pursuant to ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2), and any dispute concerning the Plan's determination of withdrawal liability must be resolved through arbitration timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

ERISA § 4219(a), 29 U.S.C. § 1399(a), requires an employer to provide the Plan with all information the Plan reasonably determines to be necessary to enable the plan sponsor to comply with the requirements of Title IV of ERISA, including the determination and collection of withdrawal liability.

Defendant Mark Parr, operating as the sole proprietorship Tri-Valley Sweeping, was a participating employer in the Pension Plan for Pension Trust Fund for Operating Engineers ("Plan"). On December 1, 2013, Defendant withdrew from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against Defendant and all members of his controlled group for the sum of $108,780.00 under ERISA § 4203, 29 U.S.C. § 1383. By letter dated April 29, 2016, Plaintiffs notified Defendant Mark Parr and all members of his controlled group of the assessed withdrawal liability.

On November 23, 2016, Plaintiffs notified Defendant and all members of his controlled group in writing that Defendant and his controlled group would be in default if they failed to cure their delinquent installment payments within sixty (60) days pursuant to ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5).

On February 22, 2017, Plaintiffs notified Defendant and his controlled group that there was a substantial likelihood that Defendant would be unable to pay because he was no longer operated as Tri-Valley Sweeping, and thus, the Plan had accelerated the entire unpaid withdrawal liability.

As of the filing of this Complaint, Defendant is in default on the outstanding withdrawal liability. Plaintiffs therefore, seek a money judgment against Defendant Mark Parr, as an individual, and each member of Defendant's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendant Mark Parr, for failure to provide adequate information relating to any members of Defendant's group under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1), and any transactions to evade his withdrawal liability under ERISA § 4212, 29 U.S.C. § 1392.

## PARTIES

1. The Plan is an employee benefit plan as defined in ERISA § 3(3), 29 U.S.C. § 1002(3), an "employee benefit pension plan" as defined in ERISA § 3(2), 29 U.S.C. § 1002(2), and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§ 1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act § 302(c), 29 U.S.C. § 186(c).

2. Plaintiffs Richard Piombo and Russell E. Burns are members of the Board of Trustees of Plan, the "plan sponsor" within the meaning of ERISA §§ 3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§ 1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Plan under ERISA §§ 3(21)(A) and 402(a), 29 U.S.C. § 1002(a). As Trustees of the Plan, they are empowered to bring this action on behalf of the Plan pursuant to ERISA § 4301(a)(1) & (b) and § 502(a)(3), 29 U.S.C. §§ 1451(a)(1) & (b) and 1132(a)(3).

3. Defendant Mark Parr is an individual residing in Livermore, California, and is the sole proprietor of Tri-Valley Sweeping with his principal place of business located at 5022 Scenic Avenue, Livermore, California. He is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5) and National Labor Relations Act ("NLRA") § 2(2), 29 U.S.C. § 152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§ 3(11) and (12), 29 U.S.C. §§ 1002(11) and (12).

4. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant Mark Parr under ERISA § 4001(b)(1), 29 U.S.C.

§1301(b)(1). Defendant Mark Parr has failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Defendant as requested by Plaintiffs in accordance with ERISA § 4219(a), 29 U.S.C. § 1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identities at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

**JURISDICTION**

5. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§ 4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§ 1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

**VENUE**

6. Venue is conferred upon this Court by ERISA §§ 4301(d) and 502(e)(2), 29 U.S.C. §§1451(d) and 1132(e)(2). Where an action is brought under ERISA §§ 4301 and 502, 29 U.S.C. §§ 1451 and 1132, in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

**FACTUAL ALLEGATIONS**

7. Defendant Mark Parr was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the Operating Engineers Local Union 3 ("Union"). The Union is a labor organization as defined in of the NLRA § 2(5), 29 U.S.C. § 152(5) that represents employees in an industry affecting interstate commerce. Defendant was obligated to and did make contributions to the Plan on behalf of his employees

that were covered under that Bargaining Agreement.

8. On December 1, 2013, Defendant Mark Parr made a complete withdrawal under ERISA § 4203, 29 U.S.C. § 1383, from participation in the Plan.

9. By written notice dated April 29, 2016, Plaintiffs notified Defendant Mark Parr, and all members of his controlled group, of the withdrawal liability assessed pursuant to ERISA §§ 4201-4203, 29 U.S.C. §§ 1381, et seq. Specifically, the Plan notified Defendants of the following in the written notice which is attached hereto as **Exhibit 1**:

(a) The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2012, as required by ERISA § 4211(b)(2)(A), 29 U.S.C. § 1391(b)(2)(A).

(b) The withdrawal liability of Defendant in the amount of $108,780.00 could be paid in a lump sum on or before June 1, 2016, or in quarterly installments as follows:

| | |
|---|---|
| $4,433.18 | June 1, 2016 |
| $4,433.18 | September 1, 2016 |
| $4,433.18 | December 1, 2016 |
| $4,433.18 | March 1, 2017 |
| $4,433.18 | Each successive quarter through September 1, 2023 |
| $4,095.25 | December 1, 2023 |

(c) Defendant had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA § 4219(b)(2), 29 U.S.C. § 1399(b)(2).

(d) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA § 4221(a), 29 U.S.C. § 1401(a).

(e) Information and documents regarding all trades and businesses under common control with Defendant were required to be provided within thirty (30) days pursuant to ERISA § 4219(a), 29 U.S.C. § 1399(a).

10. In order to initiate arbitration under section ERISA § 4221(a)(1), 29 U.S.C. § 1401(a), an employer must first request review of the assessed withdrawal liability. Section XIV of the Plan's Withdrawal Liability Procedures mirrors ERISA § 4219(b)(2)(A), 29 U.S.C. §

1399(b)(2)(A) which requires an employer's request for review to be in writing. Defendants failed to request review, and therefore they are precluded from initiating arbitration, and the time to do so has expired.

11. Defendants failed to make any of the required quarterly installment payments or provide sufficient information regarding controlled group members.

12. On November 23, 2016, Plaintiffs notified Defendant Mark Parr and his controlled group in writing that Defendants would be in default if they failed to cure his delinquent installment payments within sixty (60) days pursuant to ERISA.

13. As of the filing of this Complaint, Defendants failed to cure the delinquency and thus are in default under ERISA § 4219(c)(5).

14. On February 22, 2017, Plaintiffs notified Defendant Mark Parr and his controlled group in writing that, pursuant to Section XII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to the April 29, 2016 written notice), ERISA § 4219(c)(5)(b), 29 U.S.C. § 1399(c)(5)(b) and PBGC § 4219.31(b)(2), that the entire unpaid withdrawal liability was accelerated, and the entire unpaid amount of $108,780.00, plus interest and liquidated damages, was immediately due and payable, because Defendant no longer operated as Tri-Valley Sweeping, indicating a substantial likelihood that he would be unable to pay his withdrawal liability.

## FIRST CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219, 29 U.S.C. §1381: Request for Payment of Withdrawal Liability, Interest, Liquidated Damages, Attorneys' Fees and Costs

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. On or about December 1, 2013, Defendant Mark Parr made a "complete withdrawal" from the Plan as that term is defined in ERISA § 4203, 29 U.S.C. § 1383, et seq.

17. Defendant Mark Parr is individually liable as the sole proprietor of Tri-Valley Sweeping.

18. On April 29, 2016 Plaintiffs assessed withdrawal liability against Defendant Mark Parr, and all members of Defendant's controlled group.

19. To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants. In addition, Defendants failed to cure their delinquent installment payments within sixty (60) days after written notice from the Plan and therefore are in default under ERISA § 4219(c)(5), 29 U.S.C. § 1399(c)(5) , and the entire unpaid withdrawal liability, plus accrued interest on the entire unpaid amount from June 1, 2016, is due. Defendants are also in default due to an event indicating a substantial likelihood of inability to pay the withdrawal liability as alleged in paragraph 14, above.

20. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $108,780.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§ 4219(c)(5) and 502(g)(2), 29 U.S.C. §§ 1399(c)(5) and 1132(g)(2).

21. ERISA § 4301(b), 29 U.S.C. § 1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA § 515, 29 U.S.C. § 1145. Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§ 4301(b) and 502(g)(2), 29 U.S.C. §§ 1301(b) and 1132(g)(2). The Plan provides for interest at the rate of 10% simple interest per annum and for liquidated damages in an amount equal to the greater of interest or 20% of the unpaid withdrawal liability.

22. Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**
**Against Defendant for Violation of ERISA §4219(a), 29 U.S.C. §1399(a):**
**Failure to Provide Required Information under ERISA**

23. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 22, above.

24. In violation of ERISA § 4219(a), 29 U.S.C. § 1399(a), Defendant Mark Parr has failed to provide the Plan with all necessary information relating to any member within

Defendant's controlled group under ERISA § 4001(b)(1), 29 U.S.C. § 1301(b)(1) and any transactions to evade or avoid his withdrawal liability under ERISA § 4212, 29 U.S.C. § 1392.

25. The failure of Defendant to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA § 4219(c)(2), 29 U.S.C. § 1399(c)(2) has caused the Plan to sustain loss of investment income and incur administrative and legal expenses.

26. Defendant's failure to comply with the law has caused the Plan to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

27. Due to Defendant's failure to provide sufficient information, Plaintiffs are required to name his unknown controlled group members and parties who engaged in transactions to evade its withdrawal liability as fictitious defendants until their true identities can be discovered.

28. Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendant Mark Parr as well as all other members of Defendant's controlled group are jointly and severally liable to immediately pay to Plaintiffs the following sums:

(i) The unpaid withdrawal liability of $108,780.00, less any credits for recoveries received before the time of judgment;

(ii) Interest at the rate of 10% simple interest per annum pursuant to ERISA §§ 4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §§ 1399(c)(5) and (6) and 1132(g)(2);

(iii) Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), liquidated damages equal to the greater of:

(a) The accrued interest on the unpaid withdrawal liability at the time of judgment, or

(b) An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

(iv) Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§ 4301(e) and 502(g), 29 U.S.C. §§ 1451(e) and 1132(g).

2. For injunctive relief ordering Defendant Mark Parr to provide documentation of all trades or businesses which are his controlled group as defined in ERISA § 4001(b)(1), 29 U.S.C. § 1301(b), and any transactions to evade or avoid his withdrawal liability under ERISA § 4212, 29 U.S.C. § 1392.

3. Such other relief as this Court deems appropriate.

Dated: April 24, 2017

SALTZMAN & JOHNSON
LAW CORPORATION

By: /S/ Edward D. Winchester
Edward D. Winchester
Attorneys for Plaintiffs